UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ADITYA HETAL GANDHI,<br><br>    Plaintiff,<br><br>v.<br><br>SARAH KENDALL, Director of the Immigrant Investor Program Office, United States Citizenship and Immigration Services, in her official capacity, KENNETH T. CUCCINELLI, Acting Director, United States Citizenship and Immigration Services, in his official capacity, CHAD F. WOLF, Acting Secretary, United States Department of Homeland Security, in his official capacity, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendants. | Case No. |

## COMPLAINT FOR DECLARATORY AND MANDAMUS RELIEF

Plaintiff Aditya Hetal Gandhi ("**Plaintiff**"), through his undersigned counsel, by way of complaint against defendants Sarah Kendall, Director of the Immigrant Investor Program Office, United States Citizenship and Immigration Services, in her official capacity ("**Kendall**"), Kenneth T. Cuccinelli, Acting Director, United States Citizenship and Immigration Services, in his official capacity ("**Cuccinelli**"), Chad F. Wolf, Acting Secretary, United States Department of Homeland Security, in his official capacity ("**Wolf**"), United States Citizenship and Immigration Services ("**USCIS**"), and United States Department of Homeland Security ("**DHS**"

37119226_2

and, together with Kendall, Cuccinelli, Wolf, and USCIS, "**Defendants**"), hereby alleges and states as follows:

## PRELIMINARY STATEMENT

Plaintiff, a foreign investor in CanAm New York Regional Center, L.P. VI, a new commercial enterprise ("**NCE**") created pursuant to the Employment-Based Fifth Preference Immigrant Investor Program (the "**EB-5 Program**") administered by USCIS, bring this action to remedy the unlawful, unreasonable, arbitrary, and capricious delay by USCIS, an agency within DHS, in adjudicating his Form I-526 "Immigrant Petition by Alien Entrepreneur" (the "**Form I-526 Petition**"), which Plaintiff filed with USCIS over two years ago.

Plaintiff's Form I-526 Petition meets all the requirements for adjudication. USCIS's continuing and inexcusable delay in acting on Plaintiff's Form I-526 Petition is contrary to the Administrative Procedure Act ("**APA**"), 5 U.S.C. §§ 555(b), 706(1), 706(2)(A), (C), and (D), and warrants an exercise of this Court's mandamus power under the Mandamus and Venue Act ("**Mandamus Act**"), 28 U.S.C. §§ 1331 and 1361.

The continued delay in adjudicating the Form I-526 Petition is causing significant harm to the economic, social, and mental welfare of Plaintiff and his family. Accordingly, Plaintiff, by and through his undersigned counsel, respectfully requests this Court to issue an order directing Defendants to adjudicate the pending Form I-526 Petition within fifteen days or within a time frame this Court deems appropriate under the circumstances, pursuant to the APA and the Mandamus Act.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen and national of India.

2. Kendall is the Director of the Immigrant Investor Program Office ("**IPO**"), USCIS, and is sued in her official capacity.

37119226_2                                      2

3. Cuccinelli is the Acting Director of USCIS and is sued in his official capacity. USCIS is located in Washington, D.C. As Director of USCIS, Cuccinelli oversees all of USCIS's operating divisions, including the IPO. *See* 8 U.S.C. § 1103; 6 U.S.C. § 271(b).

4. Wolf is the Acting Secretary of DHS and is sued in his official capacity. DHS is located in Washington, D.C. and has oversight of USCIS. *See* 8 U.S.C. § 1103.

5. USCIS is a part of DHS, which is a cabinet-level department of the federal government of the United States.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, specifically the Immigration and Naturalization Act, 8 U.S.C. §§ 1101 *et seq*. ("**INA**") and its implementing regulations.

7. Further, this Court has subject matter jurisdiction over this action and may grant relief pursuant to the APA, 5 U.S.C. § 555(b) and §§ 701 *et seq*., and the Mandamus Act, 28 U.S.C. § 1361.

8. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(e) because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events giving rise to Plaintiff's claims occurred.

## LEGAL AND FACTUAL BACKGROUND

### I. The EB-5 Program

9. Congress created the EB-5 Program in 1990 to stimulate the United States economy through job creation and capital investment by foreign investors like Plaintiff. Under the program, a foreign citizen may obtain permanent resident status upon the investment of at least $500,000 and the creation of at least ten full-time jobs as part of a new business venture. *See* 8 U.S.C. § 1153(b)(5); 8 C.F.R. § 204.6(f)(2).

10. As part of the EB-5 Program, Congress also created, and has regularly renewed, the Immigrant Investor Pilot Program, now called the Immigrant Investor Program. This subset of the EB-5 Program permits a putative EB-5 investor to invest the requisite capital through a USCIS-approved "regional center." A regional center is an entity for promoting economic growth and job creation in a particular geographic region of the United States, and each center may contain one or more new commercial enterprises under its umbrella. 8 C.F.R. § 204.6(e)(m)(3).

11. To apply for an EB-5 visa, a foreign entrepreneur must submit a Form I-526 Petition and supporting documentation demonstrating that the required capital has been committed and is actually at risk, and that the investment is made from the entrepreneur's own lawfully acquired funds, and the existence of a comprehensive business plan demonstrating that ten full-time jobs will be created by the investment. 8 C.F.R. § 204.6(j).

**II.   Plaintiff's Form I-526 Petition**

12. On April 23, 2018, Plaintiff submitted the Form I-526 Petition, along with comprehensive supporting evidence demonstrating that the required capital was committed and was actually at risk, and further establishing the lawful source of the invested funds and that there existed a comprehensive business plan showing that at least ten full-time jobs would be created by each investor's investment.

13. USCIS acknowledged receipt of Plaintiff's Form I-526 Petition, issuing receipt number WAC1890233875 to Plaintiff.

14. In conjunction with the Form I-526 Petition, Plaintiff invested $500,000 in the NCE, a New York limited partnership formed on August 28, 2015, which has its principal office in New York, New York.

15. The NCE was formed for the purpose of facilitating job-creating business activities in connection with the development of a 65-story building located at 509 West 34th Street, New York, New York, and branded as "The Spiral," and which when completed will include 63 floors of commercial space and an additional mechanical floors, with approximately 2.8 million rentable square feet of Class A office space, 25,000 rentable square feet of ground floor and lobby retail space, and 59,000 gross square feet of below-grade space (the "**Project**"). The total Project cost was estimated to be $3.64 billion, of which $1.7 billion constitutes hard and soft construction costs, with $250 million of the total Project cost to be funded with EB-5 capital.

16. In September 2015, the New York Metropolitan Regional Center (the "**Regional Center**") filed with USCIS a Form I-924 application requesting to amend its designation to approve the Project as an "actual" project supported by an Exemplar Form I-526 Petition (the "**I-924 Exemplar Application**"). The I-924 Exemplar Application named the NCE as the new commercial enterprise and 509 W 34 Principal, L.L.C. as the job-creating entity that would use the EB-5 capital to finance the development of the Project. In October 2016, USCIS issued a Request for Evidence (the "**RFE**") to the I-924 Exemplar Application, to which the Regional Center timely responded, and in February 2017, USCIS approved the I-924 Exemplar Application based on information and documentation in the original filing and in the Regional Center's response to the RFE.

17. The Project was, at the time of Plaintiff's investment, located in a Targeted Employment Area, which pursuant to 8 C.F.R. § 204.6(f)(2) allows the qualifying investment to be adjusted to $500,000.

18.     An individual seeking classification as an alien entrepreneur pursuant to INA § 203(b)(5)(A) and 8 C.F.R. § 204.6 must demonstrate that his investment has created, or will result in the creation of, not fewer than ten full-time positions for qualifying employees within two years of the commencement of the individual's conditional residence period.  "Full-time" employment under the EB-5 regulations requires a "minimum of 35 working hours per week." *See* 8 C.F.R. § 204.6(e).

19.     Plaintiff made a direct investment in the NCE, and submitted with the Form I-526 Petition comprehensive supporting evidence demonstrating that the required capital was committed by Plaintiff and was actually at risk, and further establishing the lawful source of his invested funds, and that, through the regional center, there existed a comprehensive business plan showing that at least ten full-time jobs would be created by his investment.

20.     Pursuant to the INA, Congress intends for all immigration applications and petitions to be processed within six months.  "[I]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition."  8 U.S.C. § 1571(b).

21.     According to the most recent information that USCIS has published, however, the number of Form I-526 petitions that USCIS adjudicated decreased dramatically by the end of the second fiscal quarter of 2020, resulting in a sharp increase in the number of such petitions that remained pending, from 13,763 at the end of September 2019 to 16,633 at the end of March 2020.

### III. USCIS Has Unreasonably Delayed Acting on Plaintiff's Form I-526 Petition

22. Despite Plaintiff having submitted a completed and comprehensive Form I-526 Petition in April 2018, well over two years ago, USCIS has unreasonably delayed in adjudicating it.

23. Immigration counsel for Plaintiff has made inquiries with the IPO as to the status of Plaintiff's pending Form I-526 Petition. On June 9, 2020, immigration counsel for Plaintiff received a response from the IPO, which read as follows:

> Your Immigrant Petition by Alien Investor (Form I-526), is pending with the Immigrant Investor Program Office and it appears a visa is currently available for your petition when your chargeability area is compared with Chart B of the Visa Bulletin for June 2020 by the US Department of State.
>
> On March 31, 2020, USCIS moved to a visa availability approach in the inventory management adjudication of pending Form I-526 petitions. In the future, we will update the processing time information for Form I-526 to reflect this change. Additional information, including a series of Questions and Answers, may be found on the USCIS website.

24. Despite requests for a specific and reasonable timeline for adjudication of the Form I-526 Petition, USCIS has refused and failed to provide any additional information or to process the Form I-526 Petition.

25. Further, USCIS has never explained the reason for the lengthy and continuing delay as to the Form I-526 Petition, has not provided any indication of when the review might be completed despite the request that has been made on behalf of Plaintiff, and has unreasonably delayed in adjudicating Form I-526 petitions generally, as the data set forth herein demonstrates.

26. The Form I-526 Petition has been outstanding for approximately 26 months.

27. In late May 2019, without any explanation or prior warning, USCIS arbitrarily increased its published processing time for Form I-526 petitions from a maximum of 28.5 months to between 29 months and 45.5 months.

28. Just nine months later, on February 7, 2020, USCIS further revised and extended the published processing time for Form I-526 petitions from 32 months to 49 months.

29. Since then, the processing times have been revised slightly to where they are today, which is between 29.5 months to 61 months.

30. Notwithstanding the most recent revision, however, the processing times increased every year from fiscal year 2015 through fiscal year 2018. At the end of fiscal year 2015, the average processing time for a Form I-526 petition was 15.9 months, and at the end of fiscal year 2017, just a few months before Plaintiff filed his Form I-526 Petition, the average processing time was 18.8 months. Since the filing of Plaintiff's Form I-526 Petition, the average processing time has markedly increased.

31. USCIS appears to have obviated its statutory obligation to process Form I-526 petitions timely by manipulating the published processing times without notice and on a unilateral and arbitrary basis. In addition, USCIS is failing to utilize the "visa availability approach" to processing Form I-526 petitions that it claims to have implemented in March 2020.

### IV. Plaintiff Will Suffer Significant Harm If Relief Is Not Granted

32. As a result of USCIS's unreasonable, protracted, and unconscionable delay in the adjudication of the Form I-526 Petition, Plaintiff has suffered and will continue to suffer harm. Defendants' delay has deprived Plaintiff of the myriad of privileges that accompany conditional permanent resident status in the United States, including the ability to become a permanent resident, travel freely, and live and work in the United States. *See* 8 U.S.C. § 1186(b).

33. Defendants' delay in the EB-5 visa process has caused Plaintiff to forego employment opportunities and prevented him from building a career in the United States. While the EB-5 visa petition remains in limbo, Plaintiff has suffered anxiety stemming from the

unreasonable delay in the process and the uncertainty surrounding his future. *See* 8 U.S.C. § 1186(b).

34. If Defendants continue this unreasonable delay by failing to adjudicate the I-526 Petition, Plaintiff will continue to suffer significant hardship.

35. Plaintiff has no other adequate remedy available to him other than filing the instant action.

36. Plaintiff has retained the undersigned as counsel in this matter and has agreed to pay a reasonable fee for their services.

37. All conditions precedent to bringing this action, if any, have occurred or have been performed, waived, or excused.

## COUNT I
## ADMINISTRATIVE PROCEDURE ACT
## (5 U.S.C. § 555 and 5 U.S.C. §§ 701 *et seq.*)
### (Against All Defendants)

38. Plaintiff realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

39. Defendants are charged with the mandatory responsibility of administering and implementing the INA.

40. Defendants have a mandatory duty to adjudicate Plaintiff's Form I-526 Petition within a "reasonable time."

41. Defendants have violated the APA by failing to adjudicate the Form I-526 Petition timely, which constitutes agency action that is arbitrary and capricious and not in accordance with law.

42. Section 555 of the APA commands administrative agencies to conclude matters presented to the agency for decision "within a reasonable time." *See* 5 U.S.C. § 555(b) ("With

due regard for the convenience and necessity of the parties … and *within a reasonable time,* each agency *shall* proceed to conclude a matter presented to it.") (Emphases added).

43. The APA explicitly provides a right of judicial review to a person "adversely affected or aggrieved" by an agency's "fail[ure] to act" or other such agency action. 5 U.S.C. § 702.

44. When, as here, a proper showing is made, "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." *See* 5 U.S.C. § 706(1).[1] The Court must also "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right"; or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C), (D).

45. Defendants have had a clear, mandatory duty to adjudicate Form I-526 petitions like Plaintiff's and to issue visas when the requirements have been satisfied. *See* 8 U.S.C. § 1153(b)(5)(A); 8 U.S.C. § 1154(b); 8 C.F.R. § 204.6(k).

46. Plaintiff has complied with all the requirements for adjudication of the Form I-526 Petition. *See* 8 C.F.R. § 204.6.

47. Since that time, Defendants have unreasonably withheld, and unlawfully and unreasonably delayed, acting on Plaintiff's Form I-526 Petition in violation of the INA and the APA.

48. Defendants have failed to discharge their mandated official duties by abusing their discretion and acting in an arbitrary and capricious manner in failing to adjudicate Plaintiff's

---

[1] The term "agency action" includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

Form I-526 Petition contrary to Congress's explicit mandate to USCIS set forth in the INA and the APA.

49. As a result of Defendants' failure to adjudicate the Form I-526 Petition, Plaintiff has suffered and continues to suffer irreparable harm and damages, entitling him to declaratory, injunctive, and other relief.

50. Plaintiff has no other adequate legal remedy available to him.

**COUNT II**
**MANDAMUS ACT**
**(28 U.S.C. § 1361)**
**(Against All Defendants)**

51. Plaintiff realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

52. Plaintiff seeks a writ of mandamus to compel Defendants' officer(s) and/or employee(s) "to perform a duty owed to the plaintiff." *See* 28 U.S.C. § 1361.

53. Defendants have failed to discharge their mandated duties by unlawfully and unreasonably delaying the adjudication of Plaintiff's Form I-526 Petition despite the same being in a condition supporting immediate adjudication and approval.

54. As a result of Defendants' failure to adjudicate the Form I-526 Petition, Plaintiff has suffered and continues to suffer irreparable harm and damages, entitling him to declaratory, injunctive, and other relief.

55. Plaintiff has exhausted all possible administrative remedies and there exists no other adequate remedy.

## COUNT III
### Award of Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act
### (28 U.S.C. § 2412 and 5 U.S.C. § 504)

56. Plaintiff realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

57. Plaintiff is entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. §§ 2412 *et seq*. and 5 U.S.C. § 504.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays that this Court:

1. Compel Defendants to perform their duty to adjudicate Plaintiff's Form I-526 Petition within fifteen days or within a time frame this Court deems appropriate under the circumstances;

2. Enter a judgment declaring Defendants' unreasonable delay and failure to adjudicate Plaintiff's Form I-526 Petition to be in direct violation of the APA and the INA;

3. Grant attorneys' fees and costs to Plaintiff pursuant to the Equal Access to Justice Act; and

4. Grant such other and further relief as this Court deems just and proper.

Dated: June 25, 2020                SAUL EWING ARNSTEIN & LEHR LLP

/s/ Steven C. Reingold
_____
Steven C. Reingold
1270 Avenue of the Americas, Suite 2005
New York, New York 10020
telephone: (617) 912-0940
email: steven.reingold@saul.com

Attorneys for Plaintiff